

# Fourth Court of Appeals
## San Antonio, Texas

March 6, 2015

No. 04-13-00371-CV

**IN THE ESTATE OF MILDRED ELIZABETH THOMAS EDWARDS,** Deceased

From the Probate Court No 1, Bexar County, Texas
Trial Court No. 2010-PC-0827-A
Honorable Polly Jackson Spencer, Judge Presiding

## O R D E R

On September 3, 2013, we issued an order abating this appeal because the appellant, William Rowland Edwards Jr., was a debtor in an involuntary bankruptcy proceeding. We noted in our order that this appeal would be treated as a closed case unless and until it was reinstated or severed in accordance with Rule 8.3 of the Texas Rules of Appellate Procedure. *See* TEX. R. APP. P. 8.3. On December 20, 2013, we issued an order denying a motion to reinstate and clarifying that this appeal would remain abated until it was reinstated or severed in accordance with Rule 8.3.

Rule 8.3(a) provides:

If a case has been suspended by a bankruptcy filing, a party may move that the appellate court reinstate the appeal if permitted by federal law or the bankruptcy court. If the bankruptcy court has lifted or terminated the stay, a certified copy of the order must be attached to the motion.

TEX. R. APP. P. 8.3(a).

On February 27, 2015, an agreed motion to dismiss this appeal was filed in this court. In this motion, counsel represent that they have reached a settlement in this matter and that the settlement has been approved by the bankruptcy court presiding over the William Rowland Edwards Jr. bankruptcy case. The motion to dismiss is signed by (1) counsel for Robert Yaquinto, Trustee for the Chapter 7 Bankruptcy Estate of William Rowland Edwards Jr.; (2) counsel for Marcus P. Rogers in his capacity as dependent administrator of the Estate of Mildred Elizabeth Thomas Edwards; and (3) counsel for Katherine Dow and Kelly Carraba. Rogers, Dow, and Carraba are appellees in this appeal.

Before we can dismiss this appeal, it must be reinstated on this court's docket in accordance with Rule 8.3(a). The motion to dismiss does not seek reinstatement of this appeal in accordance with Rule 8.3(a). Furthermore, the motion to dismiss fails to demonstrate that reinstatement of this appeal is permitted by federal law or the bankruptcy court, or to include a certified copy of an order showing the bankruptcy court has lifted or terminated the stay.

The agreed motion to dismiss this appeal is therefore DENIED WITHOUT PREJUDICE at this time.

_____
Karen Angelini, Justice

IN WITNESS WHEREOF, I have hereunto set my hand and affixed the seal of the said court on this 6th day of March, 2015.

_____
Keith E. Hottle
Clerk of Court